# STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
                                                           Docket No. 75-7-19 Vtec

| Town of Sandgate v Grogan & Telford |
|---|

## ENTRY REGARDING POST-JUDGMENT MOTION

Title:          Motion to Clarify (Motion 2)

Filer:          Town of Sandgate

Attorney:       Merrill E. Bent

Filed Date:     January 3, 2020

Response/Explanation filed on 01/29/2020 by Heath E. Grogan, Defendant

Reply filed on 02/06/2020 by Attorney Merrill E. Bent for Plaintiff Town of Sandgate

**The motion is GRANTED.**

This zoning enforcement action was brought by the Town of Sandgate ("Town") pursuant to 24 V.S.A. §§ 4451(a) and 4452 to cure a violation of the Town's Zoning Bylaws. Defendants, Heath E. Grogan and Crystal L. Telford, own certain real property at 1337 Chunk's Brook Road in Sandgate, Vermont ("the Property"). On October 2, 2019, the Court granted a Default Judgment in favor of the Town and issued a Judgment Order ("the Order") concluding that Defendants have kept several inoperable motor vehicles on the Property in violation of the Bylaws. See Town of Sandgate v. Grogan, No. 75-7-19 Vtec (Vt. Super. Ct. Envtl. Div. Oct. 2, 2019) (Durkin, J.). The Order required Defendants to remove all inoperable vehicles from the Property within thirty (30) days and to maintain the Property in full and complete compliance with the Bylaws thereafter. See id. at 2. Now pending before the Court is the Town's motion to clarify the Order. The Town seeks clarification that covering the inoperable vehicles with tarps does not bring the Property into compliance with the October 2, 2019 Order or the Bylaws. The Town was prompted to file this motion by Defendants' assertion that merely covering the inoperable vehicles would constitute compliance with the Judgment Order.

We understand that the Town moves to clarify the Order pursuant to V.R.C.P. 59(e). There are four principal reasons for granting a Rule 59(e) motion: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in the controlling law." Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 13, 2017) (Durkin, J.) (quotations omitted). We note that this Court has "considerable discretion in deciding whether to grant

such a motion." In re Green Mountain Power Corp., 2012 VT 89, ¶ 50, 192 Vt. 429 (*quoting* In re SP Land Co., 2011 VT 104, ¶ 16, 190 Vt. 418).

While the Town's motion does not appear to exactly fit into any of the four principal reasons for a Rule 59(e) motion, we conclude that clarification is warranted, given Defendants' inadequate rationale for complying.

While the parties' filings suggest that they disagree about the precise requirements of the Bylaws, our Judgment Order resolving this case is quite clear: Defendants are obligated to remove "all inoperable motor vehicles from the Property," and if they do not, "the Town and its employees, agents, and contractors may enter the Property and take such actions as necessary to bring the Property into full compliance with the Bylaws." Town of Sandgate, No. 75-7-19 Vtec at 2 (Oct. 2, 2019). Defendants have not sought relief from the Order in any form. Thus, while Defendants allege that certain Town officials have put forward differing interpretations of the Bylaws, they are bound by the clear terms of the Order: they must remove the vehicles in question.

For the foregoing reasons, the Town's motion to clarify is **GRANTED**. We are hopeful that all parties will work together to ensure that the inoperable vehicles are removed from the Property. Defendants should be mindful that failure to comply with the October 2, 2019 Judgment Order could lead to penalties for civil contempt.

**So Ordered.**

Electronically signed on May 13, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Merrill E. Bent (ERN 5013), Attorney for Plaintiff Town of Sandgate

Defendant Heath E. Grogan

Defendant Crystal L. Telford